

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F.#2011R00633  *271 Cadman Plaza East*
NMA:AL/RTP  *Brooklyn, New York  11201*

September 12, 2013

By Hand Delivery and ECF

The Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Afrim Kupa
            Criminal Docket No. 11-345 (JG)

Dear Judge Gleeson:

     The government respectfully submits this letter in advance of the defendant's sentencing, scheduled for September 13, 2013, and in response to the defendant's September 10, 2013 sentencing submission.  For the reasons that follow, the government submits that the Court should sentence the defendant to a sentence within the range of imprisonment of 130 to 162 months as agreed to by the parties in the defendant's plea agreement and that the sentence should run consecutively to the 46-month term of imprisonment that the defendant is currently serving on his unrelated 2011 bank burglary conviction.

I.    Background

    A.    Offense Conduct

     On April 10, 2013, the defendant pled guilty, pursuant to a plea agreement, to the lesser-included offense of Count One of the third superseding indictment in the above-captioned case, charging him with conspiracy to possess with intent to distribute cocaine between January 2005 and January 2012, in violation of 21 U.S.C. § 846.  Specifically, the defendant and his brother and co-defendant Lulzim Kupa were independent cocaine and marijuana traffickers located in Staten Island who supplied multi-kilogram amounts of cocaine to co-defendant Joseph Sclafani and cooperating witness Robert Fogliani.  Sclafani and Fogliani received the bulk of their cocaine from co-defendant Neil Lombardo; when they needed additional amounts of cocaine to supply their customers, Sclafani and Fogliani turned to the

defendant and his brother Lulzim Kupa to cover any shortfall.  In addition, the defendant would "cut" cocaine for Sclafani and Fogliani and he paid back a $100,000 debt that he owed to Fogliani in kilograms of cocaine.  The defendant's criminal conduct, that is, his discussions with Sclafani and Fogliani in furtherance of the charged conspiracy, his delivery and receipt of cocaine, and his cutting of cocaine for Sclafani and Fogliani, all occurred from the confines of the Staten Island home that he shared with his wife and two young children while he was on house arrest after pleading guilty to bank burglary in <u>United States v. Afrim Kupa</u>, 10-CR-65 (JBW).  Even after Judge Weinstein sentenced him to 46 months' incarceration on the bank burglary conviction, and permitted him to self-surrender, the defendant continued to conspire to distribute narcotics from his home.

   B.   <u>The Plea Agreement</u>

      In the plea agreement, the government estimated that the Guidelines provided for an advisory range of imprisonment of 130 to 162 months.  The defendant stipulated to the government's calculation and further agreed that he would recommend to the Court that he be sentenced within that range.

II.  A Sentence Within the Range of 130 to 162 Months' Imprisonment Contemplated in the Plea Agreement to Run Consecutively to the 46-Month Sentence that the Defendant is <u>Currently Serving is Warranted</u>

      As the Second Circuit noted in <u>United States v. Sanchez</u>, 517 F.3d 651, 668 (2d Cir. 2008), "'[a] defendant's record of past criminal conduct is directly relevant' to several of the purposes of sentencing set out in § 3553(a)(2), including just punishment, deterrence, and protection of the public from further crimes of the defendant:

> A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment.  General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence.  To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered.  Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

3

Id. (quoting Guidelines Ch. 4, Pt. A, *Introductory Commentary*).

The government submits that the Court should sentence the defendant to a prison term between 130 and 162 months and that the sentence should run consecutively to the 46-month sentence that the defendant is currently serving on the bank burglary conviction. As set forth in the Presentence Investigation Report, the defendant has an extensive criminal history, including convictions for, among other crimes, grand larceny, marijuana trafficking, firearms possession, bank fraud, racketeering, and bank burglary. His financial crimes have resulted in more than a million dollars in losses to victims. His narcotics crimes have resulted in multi-kilogram amounts of cocaine and marijuana being distributed in the Eastern District of New York. All of the crimes that the defendant has committed, including the current offense and bank burglary offense are serious, and the sentence imposed should punish him accordingly.

Moreover, it is evident that significant prison terms have not deterred the defendant from committing serious crimes. An 84 month prison term imposed in connection with his marijuana conviction in 2000 did not deter him. The bottom-of-the-Guidelines 46-month sentence that he received on his bank burglary conviction in 2011 was likewise ineffective. In sentencing the defendant to 46 months, Judge Weinstein concluded that such a sentence was sufficient because "it is unlikely that [the defendant] will engage in further criminal activity in light of his strong commitment to his family, his desire to be present while his children grow up and his ability to earn a lawful living after his release." See July 27, 2011 Judgment and Commitment, at 4. Despite repeated chances, however, the defendant has demonstrated that he has no plans of ever leading a law-abiding life. As soon as he is released from prison, he will immediately resume his life of crime. A prison term between 130 and 162 months as contemplated by the parties' plea agreement to run consecutively to the 46-month sentence that the defendant is currently serving on the unrelated bank burglary conviction will at least serve to protect the public from the defendant while he is incarcerated. Such a term will also send a message to repeat offenders that with each offense comes more significant punishment.

## CONCLUSION

For the reasons set forth above, the Court should sentence the defendant within the range of imprisonment of 130 to 162 months' imprisonment contemplated by the parties' plea agreement and order that the sentence run consecutively to the

4

46-month sentence that the defendant is currently serving for an unrelated bank burglary conviction.

                      Respectfully submitted,

                      LORETTA E. LYNCH
                      United States Attorney

            By:   /s/_____
                  Allon Lifshitz
                  Robert T. Polemeni
                  Assistant United States Attorneys
                  (718) 254-6164/6044

cc:  Clerk of the Court (JG) (by ECF)
     James Froccaro, Jr., Esq. (by ECF)